7) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

8) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

9) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: Jack B. Wilkins, OBA # 9624, P.O. Box 75219, Oklahoma City, OK 73147. He was admitted to practice law on May 8, 1981.

¶ 2 **IT IS THEREFORE ORDERED** that complainant's application and respondent's resignation be approved.

¶ 3 **IT IS FURTHER ORDERED** that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶ 5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should

it pay any funds to his former clients for claims made due to his alleged misconduct.

ALL JUSTICES CONCUR.

2001 OK 107

**Bill W. DYCUS, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND and The Workers' Compensation Court, Respondents.**

**No. 95,512.**

Supreme Court of Oklahoma.

Dec. 4, 2001.

### ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The cause is remanded to the Workers' Compensation Court for proceedings consistent with this Court's decision in *Autry.*

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of December, 2001.

¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, SUMMERS, JJ., concur in result.

2001 OK 108

**Harlan HICKS, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND and The Workers' Compensation Court, Respondents.**

**No. 95,800.**

Supreme Court of Oklahoma.

Dec. 4, 2001.

## ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The cause is remanded to the Workers' Compensation Court for proceedings consistent with this Court's decision in *Autry.*

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of December, 2001.

---

¶ 4 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 5 OPALA, KAUGER, and SUMMERS, JJ., concur in result.

2001 OK 106

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Connie YOUNG and The Workers' Compensation Court, Respondents.**

**No. 95,378.**

Supreme Court of Oklahoma.

Dec. 4, 2001.

## ORDER OF SUMMARY DISPOSITION

¶ 1 In this case, THE COURT FINDS, from a review of the record and briefs submitted, that the recent decision in *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, 38 P.3d 213 (2001), is dispositive of the issues presented. Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Stat. tit. 12, chap. 15, app. (Supp. 1997).

¶ 2 IT IS THEREFOR ORDERED that the opinion of the Court of Civil Appeals is vacated. The award of benefits by the Workers' Compensation Court from the Multiple Injury Trust Fund is sustained.